IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE
CONTINUED INTERCEPTION OF WIRE     Case No. 3:18-MJ- 105
AND ELECTRONIC COMMUNICATIONS
WITH PRECISION GPS LOCATION        **UNDER SEAL**
UNDER SEAL TO AND FROM SPRINT
WIRELESS NUMBER (304) 240-2076 (**TP4**)

FILED
NOV 08 2018
U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

## APPLICATION FOR THE CONTINUED INTERCEPTION
## OF WIRE AND ELECTRONIC COMMUNICATIONS

   C. Lydia Lehman, Special Assistant United States Attorney for the Northern District of West Virginia, and Lara K. Omps-Botteicher, Assistant United States Attorney for the Northern District of West Virginia, being duly sworn, states:

   1.   Applicant is an "Investigative or Law Enforcement Officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code.

   2.   Pursuant to Section 2518 of Title 18, United States Code, Special Agents of the Federal Bureau of Investigation (FBI), Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and other duly authorized state and local law enforcement officers working under the supervision of the FBI, and personnel acting under contract to and the supervision of FBI and ATF pursuant to an application authorized by David C. Rybicki, Deputy Assistant Attorney General, a duly designated official of the Criminal Division, United States Department of Justice, who has been specially designated by the Attorney General of the United States, pursuant to Order Number 3854-2017, dated February 27, 2017, to exercise the power conferred on that official by Section 2516 of Title 18, United States Code, are authorized to intercept wire and electronic communications to and from **TP4** more fully identified in paragraph 4 below. Copies of the Attorney General's Order of special designation and the Memorandum of Authorization approving this application are attached as Exhibits A and B.

   3.   This application seeks authorization to intercept the wire and electronic communications, including text messages, of ARMSTEAD CRAIG also known as "manny, manny moo, moo" (herein referred to as "CRAIG"), NICHOLAS DEMINDS (herein referred to as DEMINDS), JANSEN CARR, (herein referred to as "JANSEN"), DEHAVEN CRAIG (herein referred to as "DEHAVEN"), VICTOR CARR also known as (herein referred to as "VICTOR"), MOLLY HUBER also known as Molly CARR,

1

(herein referred to as "MOLLY"), JASON PLUMMER, DAVID RICHARDSON, COLTON PITMAN (herein referred to as "PITMAN," JAMES KERNS, JESSE BRIDGET (herein referred to as JESSE), ASHLEY GETTS (herein referred to as GETTS), SHANNON MILLER (herein referred to as SHANNON), AARON MILLER (herein referred to as AARON), DAVID NATHAN HUNTSBERRY (herein referred to as HUNTSBERRY), UNSUB 9606, BURT, JAMES BRINKLEY also known as "little philly" (herein referred to as BRINKLEY,) SVEN ALSTON (herein referred to as ALSTON,), JALEESA CREAMER (herein referred to as CREAMER), WAYNE CLYBURN (herein referred to as CLYBURN), HOPETON NEWMAN (herein referred to as NEWMAN), BONI FACI ARAMBURO also known as "Bunz" and "Bonelli" (herein referred to as BONELLI) SANDRA ARAMBURO (herein referred to as ARAMBURO), and others as yet unknown (collectively, "TARGET INTERCEPTEES"), concerning the following federal felony offenses (the "TARGET OFFENSES") enumerated in Section 2516[1] of Title 18, United States Code:

   a. 21 U.S.C. § 841 – Possession with the intent to distribute and distribution of a controlled substance, namely heroin and cocaine base;

   b. 21 U.S.C. § 843(b) – Use of a communication facility to further the commission of a felony controlled substance offense;

   c. 21 U.S.C. § 846 – Conspiracy to possess with the intent to distribute and to distribute controlled substances; and

   d. 18 U.S.C. § 1952 – Interstate travel in aid of unlawful activity.

4.   These offenses are occurring on Sprint Wireless telephone number (304) 240-2076, assigned to Electronic Serial Number (ESN) 089591552802258065 (hereinafter referred to as "TARGET PHONE 4" or **TP4**). According to records obtained from SPRINT, individual subscriber information for the captioned telephone yields the registered name as PREPAID CUSTOMER with an address of 176 Lee St., Martinsburg, WV 25404. It is believed DEMINDS is the user of the above captioned number.

Based upon my knowledge derived from the investigation referenced below, **TP4** is in the possession of, and/or under the dominion control of, and used by DEMINDS and others yet unknown. Investigative actions conducted by the Federal Bureau of Investigation have revealed this phone is being used by DEMINDS and other individuals yet to be fully identified.

This application seeks authorization to intercept the wire and electronic communications, including text messages (and such background conversations

---

[1] Although aiding and abetting under 18 U.S.C. § 2 is not a predicate offense enumerated in 18 U.S.C. § 2516, there is also probable cause to believe that the SUBJECTS of this investigation have aided and abetted one another in committing enumerated offenses.

2

intercepted in the vicinity of **TP4** while the phone is off the hook or otherwise in use) during the effective period of the Order sought herein. The authorization requested is intended to apply not only to the target telephone number listed above, but also to any other telephone numbers subsequently assigned to or used by the instrument bearing the same electronic serial number ("ESN") used by **TP4**, and to any other ESNs to which the target telephone number referenced above is assigned, within the thirty-day period. The authorization requested is intended to apply to the target telephone number referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephone while the telephone is off the hook or otherwise in use.

5. Applicant has discussed all the circumstances of the above offenses with Sergeant Jonathan Bowman, who participated in the investigation herein and has examined the Affidavit of Sergeant Jonathan Bowman which is attached to this application and incorporated by reference herein. Wherefore, your applicant states upon information and belief that interceptions of wire and electronic communications, including text messaging, is necessary to achieve the following investigative objectives:

   a. The nature, extent, and methods of operation of illegal drug trafficking of ARMSTEAD CRAIG also known as "manny, manny moo, moo" (herein referred to as "CRAIG"), NICHOLAS DEMINDS (herein referred to as DEMINDS), JANSEN CARR, (herein referred to as "JANSEN"), DEHAVEN CRAIG (herein referred to as "DEHAVEN"), VICTOR CARR also known as (herein referred to as "VICTOR"), MOLLY HUBER also known as Molly CARR, (herein referred to as "MOLLY"), JASON PLUMMER, DAVID RICHARDSON, COLTON PITMAN (herein referred to as "PITMAN," JAMES KERNS, JESSE BRIDGET (herein referred to as JESSE), ASHLEY GETTS (herein referred to as GETTS), SHANNON MILLER (herein referred to as SHANNON), AARON MILLER (herein referred to as AARON), DAVID NATHAN HUNTSBERRY (herein referred to as HUNTSBERRY), UNSUB 9606, BURT, JAMES BRINKLEY also known as "little philly" (herein referred to as BRINKLEY,) SVEN ALSTON (herein referred to as ALSTON,), JALEESA CREAMER (herein referred to as CREAMER), WAYNE CLYBURN (herein referred to as CLYBURN), HOPETON NEWMAN (herein referred to as NEWMAN), BONI FACI ARAMBURO also known as "Bunz" and "Bonelli" (herein referred to as BONELLI) SANDRA ARAMBURO (herein referred to as ARAMBURO), and others as yet unknown (the "SUBJECTS");

   b. The dates, times, places, and manner in which controlled substances and the proceeds of the drug trafficking are being delivered to the SUBJECTS and others as yet unknown;

    c. The identification of other communications facilities used by the SUBJECTS and others as yet unknown in furtherance of the criminal activity alleged herein;

    d. The methods and means of payment for the controlled substances employed by the SUBJECTS and others as yet unknown, and the manner in which these transactions are conducted;

    e. The locations where the controlled substances are stored;

    f. The nature and extent of the mechanism used by the SUBJECTS and others as yet unknown to import, transport, and distribute controlled substances within the Northern District of West Virginia;

    g. The identities of co-conspirators, accomplices, aiders and abetters, and other participants operating in concert with the SUBJECTS and their respective roles and participation in the above-mentioned offenses;

    h. The identities of the sources of supply of the controlled substances distributed by the SUBJECTS and others as yet unknown;

    i. The methods and means by which the SUBJECTS and others as yet unknown maintain, dispose of, and invest the proceeds from the sale of controlled substances; and

    j. The location and source of resources used to finance the illegal activities described herein.

6. The attached Affidavit contains a full and complete statement explaining why normal investigative procedures have been tried and failed, reasonably appear unlikely to succeed if tried, or reasonably appear to be too dangerous to attempt.

7. There is probable cause to believe that TARGET INTERCEPTEES and others as yet unknown have used, are using and will continue to use during the period of interception applied for herein, the above-referenced telephones to communicate with each other in connection with the commission of the TARGET OFFENSES. There is probable cause to believe that the TARGET SUBJECTS, and other persons as yet unknown, have committed, are committing, and will continue to commit the TARGET OFFENSES described above. There is probable cause to believe that particular wire and electronic communications of the TARGET INTERCEPTEES concerning the TARGET OFFENSES will be obtained through the interception of wire and electronic communications occurring to and from **TP4**. In particular, there is probable cause to

believe that these communications will concern the specifics of the TARGET OFFENSES.

8. The attached Affidavit explains that no prior applications have been made to any judge of competent jurisdiction for the authorization to intercept or for the approval of the interception of wire, oral, and electronic communications involving any of the same persons, facilities, or places specified in this application or in the accompanying Affidavit, other than those applications noted in the Affidavit.

9. On the basis of the allegations contained in this application and on the basis of the Affidavit of SA Cisar attached hereto, the applicant requests:

a. That this court issue an Order pursuant to the power conferred on it by Section 2518 of Title 18, United States Code, authorizing agents of the FBI, Bureau of Alcohol, Tobacco, Firearms and Explosives, and Specially Deputized Officers under contract with the government, and acting under the supervision of an FBI special agent, are authorized to conduct the interception and minimization of wire and electronic communications of Sprint Wireless telephone number (304) 240-2076, assigned to Electronic Serial Number (ESN) 089591552802258065 (**TP4**).

b. The authorization is also intended to apply to such background conversations intercepted in the vicinity of **TP4** while the phone is off the hook or otherwise in use.

c. That this court's Order provide that interceptions not automatically terminate after the first interception that reveals the manner in which the alleged conspirators and others as yet unknown conduct their illegal activities, but continue until communications are intercepted that fully reveal the manner in which they participate in the specified offenses and that reveal the identities of their conspirators, their places of operation and the full nature of the conspiracy involved therein, or for a period of thirty (30) days, whichever is earlier. It is further requested that this time be measured from the day on which the investigative or law enforcement officer first begins to conduct the interception or ten (10) days from the date of the court's Order, whichever is earlier.

d. That this Court issue an Order pursuant to Section 2518(4) of Title 18, United States Code, directing Sprint Wireless, an "electronic communication service" provider as defined in Title 18, United States Code, § 2510(15), to furnish the applicant forthwith all information, facilities and technical assistance necessary to accomplish the interception unobtrusively and with a minimum of interference with the services that such service provider is according the persons whose communications are

to be intercepted. The service provider shall be compensated by the FBI for reasonable expenses incurred in providing such facilities or assistance.

e. IT IS FURTHER REQUESTED that, pursuant to Title 18, United States Code, Section 2703(c)(1)(B) and (d), Sprint Wireless or any other subsequent service provider, providers of electronic communications services as defined in Title 18, United States Code, Section 2510(15), shall disclose to the applicant and the FBI the following information relevant to this investigation, as set forth in Title 18, United States Code, Section 2703(c)(2)(A)-(F), pertaining to **TP4** and the telephone numbers assigned to or used by telephones or other devices that place or send wire or electronic communications to, or receive wire or electronic communications from, **TP4**, within 24 hours of said request, including weekends and holidays, there being offered specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation as set forth more fully in the affidavit: subscriber name; subscriber address; historical local and long distance telephone connection records, or records of session times and durations; length of service (including start date) and types of services utilized; telephone or instrument number or other subscriber identification number (including but not limited to International Mobile Subscriber Identity number, Mobile Subscriber Identity Number, International Mobile Equipment Identity number, Universal Mobile Equipment Identity number, Electronic Serial Number, and Mobile Equipment Identity number); means and source of payment for service (including any credit card or bank account number);

f. IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 2703(c)(1)(A), Federal Rule of Criminal Procedure 41, and 18 U.S.C. § 3122-24, that the Court issue an Order authorizing agents of the FBI to ascertain the physical location of **TP4** during the authorized period of interception and to obtain information regarding the location of **TP4** during the 60 days preceding the date that the order is entered (the "Requested Location Information"). As explained in more detail in the Affidavit, there is probable cause to believe that the location of **TP4** during that period will constitute evidence of the TARGET OFFENSES. The Requested Location Information includes, but is not limited to: real-time E-911 Phase II data or other precise location information concerning **TP4** during the authorized period of interception; records reflecting the cell tower and sector through which communications over **TP4** were made ("cell-site location information") during the 60 days preceding the date that the order is entered; and real-time cell-site location information for **TP4** during the authorized period of interception. Because the government seeks the disclosure of prospective cell-site location information pursuant to the combined authority of 18 U.S.C. § 2703(c)(1)(A) and 18 U.S.C. § 3123, the Applicant hereby certifies, pursuant to 18 U.S.C. § 3122, that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by the FBI and discussed in the affidavit.

6

g.  IT IS FURTHER REQUESTED, that the Court direct Sprint Wireless to disclose the Requested Location Information concerning **TP4** during the authorized period of interception, and to initiate a signal to determine the location of **TP4** on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the information, facilities, and technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of **TP4**, at any time of day or night, owing to the potential need to locate **TP4** outside of daytime hours.

h.  IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize delay of notice of the acquisition of the Requested Location Information for a period not to exceed 120 days from the date that the order is entered. There is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of **TP4** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. The period of delay may thereafter be extended by the court for good cause shown.

i.  IT IS FURTHER REQUESTED, that no inventory or return of the results of the foregoing interception need be made, other than the above-required reports, before 90 days from the date of the expiration of this Order, or any extension of the Order, or at such time as the Court in its discretionary may require. It is further requested that, upon an ex parte showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

j.  That to avoid prejudice to this criminal investigation, the Court order that Sprint Wireless, their agents and employees shall not disclose to or cause a disclosure of this court's Order or the request for information, assistance and facilities by the FBI or the existence of this investigation to any person other than those of their agents and employees who require said information to accomplish the services hereby requested. In particular, said service providers and their agents and employees should be ordered to not make such disclosure to a lessee, telephone subscriber or any interceptee or participant in the intercepted communications.

k.  IT IS FURTHER REQUESTED that, in the event that the service provider changes during the course of the interception, interception may continue

with any new service provider without further Order of this Court. The United States will advise the Court of any change of service provider in the periodic progress reports submitted to this Court.

l. That the Order provide that the applicant, C. Lydia Lehman, Special Assistant United States Attorney, Lara K. Omps-Botteicher, Assistant United States Attorney, or any Assistant United States Attorney familiar with the facts of this case designated by United States Attorney William J. Powell, shall provide the court with a report on or about every tenth day following the date of the interceptions begin showing what progress has been made toward achievement of the authorized objectives and the need for continued interception. If any of the above reports should become due on a weekend or holiday, it is further requested that such report become due on the next business day thereafter.

m. That pursuant to 18 U.S.C. § 2518(3), in the event that **TP4** is used outside the territorial jurisdiction of the Court, interceptions may continue in the Northern District of West Virginia where communications will be first heard and/or read and minimized. All monitoring of wire and electronic communications be conducted in such a way as to minimize the interception and disclosure of communications not relevant to the investigation, or otherwise criminal in nature. Monitoring of conversations must immediately terminate when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the named interceptees or any of their confederates, when identified, are participants in the conversation, unless it is determined during a portion of the conversation already overheard that the conversation is criminal in nature. If the conversation is minimized, the monitoring agent may spot-check to ensure that the conversation has not turned to criminal matters. Special attention shall be given to minimize all privileged communications.

n. That this Court direct that its Order be executed as soon as practicable after it is signed and that all monitoring of wire and electronic communications intercepted be limited to those communications relevant to the pending investigation in accordance with the minimization requirement of Chapter 119 of Title 18, United States Code, and if minimized, that the court direct the monitoring personnel to spot check to insure that the conversation has not turned to criminal matters. For electronic communications (i.e. text messages), the Order should direct that text messaging will be monitored by authorized individuals, and further order that each text message be reviewed over a secure system, and based on the identities of the sender and recipient and the content of the

message, monitoring personnel determine as soon as practicable after interception whether the text message appears to be relevant to the investigation or otherwise criminal in nature. If the message is not criminal in nature, the message should minimized and not accessed by other members of the investigative team. If the message appears to be privileged, it should be marked "privileged" and secured from access by other members of the investigative team. If a text message appears to be relevant to the investigation or otherwise criminal in nature, it will be shared with the other agents and monitors involved in the investigation. If a text message is minimized or privileged, it will not be disseminated to other members of the investigative team. All intercepted text messages will be sealed with the court upon the expiration of the court's Order authorizing the interception. It is anticipated that the monitoring location will not be staffed at all times, but will be staffed at regular hours, at which time intercepted communications will be monitored and read (including those intercepted at hours when the location was not staffed). However, even when unmanned, the monitoring location will be kept secured with access limited to only authorized monitoring personnel and their supervising agents.

o. Electronic communications over the target phone will be intercepted, pursuant to the Communications Assistance for Law Enforcement Act ("CALEA"), 47 U.S.C. § 1001 *et seq.*, in part through receipt from the service provider of "packet data," an electronic data stream. That packet data stream, pursuant to CALEA, will be delivered to FBI's electronic communications collection system, and when certain technology (including VoIMS, VoLTE, 4G, and others) is employed by the cellular service provider, that packet data stream will include a complete copy of all voice calls (which are wire communications) occurring over the target phone. Those voice calls in the packet data stream are duplicates of wire communications that may be intercepted through FBI's wire communications collection system and minimized in real-time. The packet data, including the copies of voice calls, cannot be minimized in real-time. Therefore, FBI will utilize a filter program in its electronic communications collection system that will automatically identify and block voice calls from being intercepted in the packet data stream by filtering them out of the packet data stream before they are recorded. Those voice calls in the packet data stream will not be "intercepted" within the meaning of 18 U.S.C. § 2510(4) (defining "intercept" as the "aural or other *acquisition*" of the contents of a communications) (emphasis added). However, on rare occasions, a voice call might not be filtered out of the packet data stream due to circumstances including

unanticipated technology changes by the service provider or imperfect operation of the filter program. If a voice call is not filtered out and is recorded in FBI's electronic communications collection system, the call will not be monitored or otherwise accessed through the electronic communications presentation system, and FBI will preserve and seal such communications in the same manner as other intercepted electronic communications.

p. That this Court direct that, in the event the intercepted communications are conducted in a foreign language or code and an expert in that foreign language or code is not reasonably available during the interception period, minimization may be accomplished as soon as practicable after such interception ("Post-Minimization"). Authorization is requested to utilize civilian interpreters in the event interpreters employed by the government are unavailable.

q. That this matter, the Application, the attached Affidavit, any resulting Order and all interim reports filed with the court be sealed until further order of this court, except that the Clerk's Office may provide the United States with three certified copies of the Application, Affidavit, this Order, and Order to Service Provider. The United States requests that it be able to provide one copy of each to the investigating agencies.

Respectfully submitted,

WILLIAM J. POWELL
UNITED STATES ATTORNEY

By: _____
C. Lydia Lehman
Special Assistant United States Attorney

By: _____
Lara K. Omps-Botteicher
Assistant United States Attorney



# Office of the Attorney General
Washington, D.C. 20530

ORDER NO. 3854-2017

SPECIAL DESIGNATION OF CERTAIN OFFICIALS OF THE CRIMINAL DIVISION AND NATIONAL SECURITY DIVISION TO AUTHORIZE APPLICATIONS FOR COURT ORDERS FOR INTERCEPTION OF WIRE OR ORAL COMMUNICATIONS

By virtue of the authority vested in me as the Attorney General, including 28 U.S.C. § 510, 5 U.S.C. § 301, and 18 U.S.C. § 2516(1), and in order to preclude any contention that the designations by the prior Attorney General have lapsed, the following officials are hereby specially designated to exercise the power conferred by Section 2516(1) of Title 18, United States Code, to authorize applications to a Federal judge of competent jurisdiction for orders authorizing or approving the interception of wire and oral communications by the Federal Bureau of Investigation or a Federal agency having responsibility for the investigation of the offense(s) as to which such application is made, when such interception may provide evidence of any of the offenses specified in Section 2516 of Title 18, United States Code:

1. The Assistant Attorney General in charge of the Criminal Division, any Acting Assistant Attorney General in charge of the Criminal Division, any Deputy Assistant Attorney General of the Criminal Division, and any Acting Deputy Assistant Attorney General of the Criminal Division;

2. The Assistant Attorney General for National Security, any Acting Assistant Attorney General for National Security, any Deputy Assistant Attorney General for National Security, and any Acting Deputy Assistant Attorney General for National Security, with respect to those matters delegated to the supervision and responsibility of the Assistant Attorney General for National Security. These officials of the National Security Division shall exercise this authority through, and in full coordination with, the Office of Enforcement Operations within the Criminal Division.

Attorney General Order No. 3536-2015 of June 11, 2015, is revoked effective at 11:59 p.m. of the day following the date of this order.

2/22/17
Date

Jefferson B. Sessions III
Attorney General